**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PATRICIA CARESS MCMATH**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MARK BONDS,                          )
                                     )
    Appellant-Defendant,         )
                                     )
      vs.                      )    No. 49A02-1212-CR-974
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Plaintiff.          )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
Cause No. 49G03-1009-FA-74984

**June 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Mark Bonds appeals his convictions for two counts of child molesting, as Class A felonies, following a jury trial. Bonds presents a single issue for review, namely, whether the evidence is sufficient to support his convictions.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Bonds began dating D.C.'s mother when D.C. was eleven years old. When D.C. was twelve years old, she told her mother that Bonds had molested her, and the couple broke up. D.C. later recanted, and the couple resumed dating when D.C. was thirteen years old.

In 2010, D.C. was thirteen, and Bonds was twenty-four years old. D.C.'s family had a two-bedroom, two-story apartment. D.C. and her brother each had a bedroom upstairs, and their mother slept downstairs. On September 10, D.C. slept with her younger brother, D.V., because her bed was covered with clothes, and Bonds stayed overnight with their mother downstairs. Early the next morning, Bonds went upstairs and, using his cell phone to illuminate the room, looked in on the children, who were still sleeping. The light from the cell phone woke D.C. Bonds uncovered her, pulled down her shorts and underwear, and placed his mouth on her vagina. Bonds then had intercourse with D.C. D.C. cried, told Bonds "no" and that "the Devil is a liar," but he did not stop. Transcript at 96. At some point, D.V. also woke. When Bonds left the room, D.C. put her underwear and shorts back on.

D.C.'s mother saw Bonds come down the stairs at approximately 5:30 that morning. She noticed that he looked sweaty, and Bonds told her he had been sick in the bathroom upstairs. The home also contained a bathroom downstairs. The mother went to retrieve a towel and spoke to D.V., who told her what Bonds had done to D.C.

After Bonds left the house, the mother asked D.C. what had happened, and D.C. related what Bonds had done that morning and that Bonds had molested her the prior week, too. The mother then telephoned the police. D.C. was given a rape kit examination. The vaginal swab revealed spermatozoa matching Bonds' DNA profile, but the test also showed another DNA contributor besides D.C. and Bonds. Additionally, amylase, a substance in saliva, was found in the crotch of D.C.'s underwear. The amylase also matched Bonds' DNA profile. Additional tests revealed that substantial amounts of D.C.'s DNA were found on Bonds' hands.

On September 30, the State charged Bonds with three counts of child molesting, as Class A felonies; six counts of child molesting, as Class C felonies; two counts of criminal confinement, as Class C felonies; one count of strangulation, as a Class D felony; and one count of battery, as a Class D felony. On January 5, 2011, the court granted the State's motion to amend the information to add five counts of child molesting, as Class A felonies, and two counts of child molesting as Class C felonies, for a total of twenty counts. At the conclusion of the trial, the trial court granted Bonds' motion for judgment on the evidence on ten counts, the jury found Bonds guilty of four counts, and the jury found Bonds not guilty on the remaining six counts. However, the trial court subsequently granted Bonds' motion for a mistrial due to juror misconduct.

On October 29 through 31, 2012, a second jury trial was held on the six counts on which the first jury had found Bonds guilty: four counts of child molesting, as Class A felonies, and two counts of child molesting, as Class C felonies. The jury found Bonds guilty of two counts of Class A felony child molesting and one count of Class C felony child molesting. At sentencing, the trial court did not enter judgment of conviction on the Class C felony count on double jeopardy grounds. The court found the aggravators and mitigators to balance and sentenced Bonds to concurrent thirty-year terms with five years suspended, three years of the suspended portion to be served on sex offender probation, and ordered Bonds not to have any contact with the victim or her family. Bonds now appeals his convictions.

## DISCUSSION AND DECISION

Bonds contends that the evidence is insufficient to support his convictions for child molesting, as Class A felonies. When reviewing the claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the verdict and the reasonable inferences therein to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside. Id.

To prove the first offense of child molesting, as a Class A felony, the State was required to show beyond a reasonable doubt that, on September 27, 2010, Bonds, being at least twenty-one years of age, performed or submitted to sexual intercourse with D.C.,

4

who was then less than fourteen years of age. See Ind. Code § 35-42-4-3(a)(1). And to prove the second offense of child molesting, as a Class A felony, the State was required to show beyond a reasonable doubt that, on the same date, Bonds, being at least twenty-one years of age, performed or submitted to deviate sexual conduct, that is, an act involving D.C.'s vagina and Bonds' mouth. See Ind. Code § 35-42-4-3(a)(1).

Here, D.C. testified that Bonds had intercourse with her and that he performed oral sex on her on the date in question. She also testified that she told him no and told Bonds, "the Devil is a liar." Transcript at 95. D.C.'s brother, who was in the room at the time of the offenses, corroborated her testimony. Additionally, a vaginal swab from D.C. revealed the presence of spermatozoa that contained DNA consistent with Bonds' DNA. And forensic testing of D.C.'s underwear revealed the presence of an element in saliva, which also contained DNA consistent with Bonds'. From this evidence, the jury could have reasonably inferred that Bonds committed two counts of child molesting, as Class A felonies.

Still, Bonds contends that the "evidence challenging the reliability of the DNA evidence and the credibility of the alleged victim precluded the State from establishing all of the elements of the offense[s] beyond a reasonable doubt." Appellant's Brief at 8. On the first point, Bonds asserts that the DNA evidence was "only circumstantial evidence of whether [Bonds] penetrated her vagina with his penis." Id. at 9. He challenges that the jury could have reasonably inferred the act charged from this evidence. He further points to the fact that testing revealed the existence of another sperm donor in D.C.'s vagina, yet D.C. claimed that she had not had sex with anyone else. Based on this, Bonds asserts that

the DNA testing was not reliable. Bonds also contends that the jury found D.C. not credible, as demonstrated by the fact that it acquitted Bonds on other counts. Combining the alleged rejection of D.C.'s testimony and the purported unreliability of the forensic testing, Bonds contends that the State did not prove all of the elements of the offenses. We cannot agree with Bonds' arguments.

Bonds' arguments amount to a request that we reweigh the evidence, which we will not do. Jones, 783 N.E.2d at 1139. D.C.'s testimony, which was corroborated by her brother and mother, and the forensic testing are sufficient to support Bonds' convictions for two counts of child molesting, as Class A felonies. And the jury was allowed to weigh the evidence and make reasonable inferences from it, even if there was conflicting evidence. Bonds contentions to the contrary must fail.

Affirmed.

BAILEY, J., and BARNES, J., concur.